NO. 07-02-0173-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 5, 2002



______________________________




HOWARD HUDDLESTON, M.D. AND 


HOWARD HUDDLESTON, M.D., P.A., APPELLANTS



V.



ANESTHESIA SPECIALISTS OF HOUSTON, ET AL., APPELLEES




_________________________________



FROM THE 234TH DISTRICT COURT OF HARRIS COUNTY;



NO. 2000-63961; HONORABLE BRUCE OAKLEY, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Pending before this Court is appellants' motion to dismiss this appeal by which they
represent they no longer wish to prosecute the appeal. Without passing on the merits of
the case, the motion of Howard Huddleston, M.D., P.A., and Howard Huddleston, M.D. is
hereby granted and the appeal is hereby dismissed. Tex. R. App. P. 42.1(a)(2).

 Having dismissed the appeal at the request of appellants, no motion for rehearing
will be entertained and our mandate will issue forthwith.

 Don H. Reavis

 Justice

Do not publish.



52ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 43230; HONORABLE LAYNE WALKER, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ABATEMENT AND REMAND
          Appellant Lee Oliver Broussard appeals from an order denying post-conviction DNA
testing. The clerk’s record was filed on November 16, 2007. A supplemental clerk’s record
was filed on May 5, 2008. 
          Neither the clerk’s record nor the supplemental clerk’s record contains a certification
by the trial court of appellant’s right of appeal under Texas Rule of Appellate Procedure
25.2(d). Rule 25 requires the trial court to enter such a certification “each time it enters a
judgment of guilt or other appealable order.” Tex. R. App. P. 25.2(a)(2). Courts have
required certification of the right to appeal orders denying post-conviction DNA testing. 
See, e.g., Rodriguez v. State, 153 S.W.3d 245 (Tex.App.–El Paso 2004), aff’d No. 08-04-00178-CR, 2005 WL 2313637 (Tex.App.–El Paso Sept. 22, 2005) (mem. op., not
designated for publication); Lopez v. State, 114 S.W.3d 711 (Tex.App.–Corpus Christi
2003, no pet.). Following the plain language of Rule 25.2, we find certification is required
here.
          Consequently, we abate this appeal and remand the cause to the trial court for
further proceedings. On remand, the trial court shall utilize whatever means necessary to
secure a Certification of Defendant’s Right of Appeal in compliance with Texas Rule of
Appellate Procedure 25.2(d), regarding appellant’s appeal of the trial court’s denial of his
request for post-conviction DNA testing. This certification must comply with the
requirements effective September 1, 2007. Once executed, the certification shall be
included in a supplemental clerk’s record and filed with this Court on or before July 14,
2008. 
          It is so ordered.
 
                                                                           Per Curiam
 
Do not publish.